# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**JAYSHONN DUFFIE,**

      **Petitioner,**

      **v.**                              **Case No. 25-cv-321-SCD**

**CHRISTOPHER STEVENS,**
    *Warden, Green Bay Correctional Institution,*

      **Respondent.**

---

## DECISION AND ORDER

---

Jayshonn Duffie was tried in Wisconsin state court for first-degree sexual assault, child enticement, and bail jumping. At trial, Duffie represented himself and the jury found him guilty on all counts. He was sentenced to a bifurcated sentence of forty years. Duffie was represented by counsel on his state appeal, where two issues were raised: (1) whether Duffie was competent to represent himself at trial, and (2) whether the interests of justice demanded a new trial because of admission of hearsay testimony.

Duffie has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Duffie brings two claims: his due process rights were violated because the state did not prove "use or threat of force or violence" beyond a reasonable doubt; and his Sixth Amendment rights were violated because his appellate counsel picked losing issues to appeal. The respondent has moved to dismiss the petition, arguing that neither of these issues were exhausted in state court. Because Duffie did not exhaust these claims in state court, I will grant the respondent's motion, deny Duffie's petition, and dismiss this action.

## BACKGROUND

Duffie and another adult male allegedly sexually assaulted a fourteen-year-old child, AAB.[1] ECF No. 13-1 at 3. AAB identified the other male in a photo lineup, and Duffie's DNA was later matched to a semen sample taken from AAB's SANE kit. *Id.* The State of Wisconsin charged Duffie with first-degree sexual assault of a child under 16 by use or threat of force or violence; party to the crime of child enticement; and misdemeanor bail jumping. *Id.*

Duffie represented himself at trial. ECF No. 1-1 at 3. The jury found him guilty of all charges, and he was sentenced to the mandatory minimum penalty of twenty-five years' confinement on the sexual assault charge and 15 years' extended supervision, with concurrent sentences on the other counts. *Id.* at 2.

On direct appeal, with counsel, Duffie framed the claims on appeal like this:

(1) he was denied his right to counsel because the circuit court failed to find, and the record would not support a finding, that he was competent to represent himself at trial; and
(2) a new trial was warranted in the interests of justice due to the state's use of inadmissible hearsay to prove the element of force in the sexual assault charge.

ECF No. 13-1 at 4. The circuit court was unconvinced. *See* ECF No. 1-1 at 2. On the first issue, the court had taken painstaking effort to ensure Duffie understood his right to counsel, even providing standby counsel to explain the DNA evidence. *See id.* 3–4. Duffie was unequivocal that he wanted to proceed pro se. *Id.* The court of appeals agreed that Duffie freely, voluntarily, knowingly, and intelligently waived his right to counsel. *Id.* at 11–12. Duffie agrees that he was competent to represent himself. *See* 13-2 at 10–11.

On the second issue, the circuit court wrote: "even without the hearsay statement, the evidence that remains in the case was still overwhelming to support the jury's guilty verdict, even as to the use or threat of force element." ECF No. 1-1 at 6. Pages 6 through 9 of this

---

[1] The victim's initials.

decision are missing, so I lack some of that court's reasoning. *See id.* at 5–6. The court of appeals affirmed. *Id.* at 9. The hearsay statement occurred during direct examination of a Green Bay police officer who investigated the assaults. *Id.* at 21. He said that AAB "explained to [him] that [Duffie] had pinned her face down on the bed and engaged in sex with her from behind." *Id.* at 21–22 (alterations in original). Duffie did not object to this statement. ECF No. 11 at 14.

The court of appeals explained Wisconsin law on the "use or threat of force" element, and held that even if this statement was hearsay, a plethora of other evidence proved use or threat of force such that the controversy was fully tried. *See* ECF No. 1-1 at 22–23. This other evidence includes these statements from AAB's testimony:

- She was "forcibly" told to take her clothes off. *Id.* ¶ 34.
- She felt scared and uncomfortable but like she couldn't do anything because she didn't know what would happen. *Id.*
- She was alone, didn't know these men, and didn't know where she was. *Id.*
- The other adult male "used his hand to hold her down while he had sex with her" and she "felt stuck." ¶ 35.
- She was "face down on the bed when Duffie" had sex with her. She couldn't remember whether Duffie pushed her head into the mattress. *Id.* ¶ 36.

And these statements from other witnesses' testimony, that Duffie did not challenge:

- AAB told an interviewing officer that she "was forced into" having sex with Duffie. *Id.* ¶ 38.
- AAB told the SANE that "she feared for her life during the sexual assaults." *Id.*

The court of appeals held that "a reasonable jury could conclude, from the evidence as a whole, that [AAB] was compelled to submit prior to the actual sexual assault committed by Duffie." *Id.* ¶ 39. It is ultimately this conclusion that Duffie challenges here.

Different appellate counsel filed a no-merit petition for review to the Supreme Court of Wisconsin. *See* ECF No. 13-1 at 1. Duffie filed a supplemental brief on his own behalf,

3

noting that he agreed with the court of appeals' decision. ECF No. 13-2 at 10–11. Instead, Duffie argued that, as a whole, the evidence addressing "use or threat of force" was not sufficient to prove his guilt beyond a reasonable doubt. *Id.* at 11. Duffie pointed to evidence he views as countervailing, including that AAB testified that she wasn't verbally threatened or hit, she didn't try to stop the assault, and the SANE report documented that no weapons, threats, physical restraints, or foreign objects were used in the alleged assault. *See id.* at 21–23; ECF No. 11 at 17. The Supreme Court of Wisconsin denied review. Duffie filed an unsuccessful collateral postconviction motion in state court raising sufficiency of the evidence and ineffective assistance of appellate counsel, and he has not appealed that case. Proceeding without assistance of counsel, Duffie's habeas petition raises those same two issues.

Christopher Stevens, the warden who has custody of Duffie, has moved to dismiss the petition under the Rules Governing Section 2254 Cases in the United States District Courts and Rules 7(b) and 12(b)(6) of the Federal Rules of Civil Procedure. *See* ECF No. 12 at 1. Duffie has submitted a brief opposing the motion. *See* ECF No. 14. And Duffie has filed a reply brief. *See* ECF No. 15.

## DISCUSSION

Stevens argues that neither of Duffie's claims were exhausted in state court and must be dismissed. In response, Duffie concedes that the ineffective assistance of appellate counsel wasn't exhausted, but the circuit and appellate courts commented on sufficiency of the evidence in saying that the evidence proved "threat of force" beyond a reasonable doubt, even without the hearsay statement. He argues: "Duffie did insinuate the insufficiency of the evidence in his direct appeal, and as a result, such issue was exhausted." ECF No. 14 at 5.

4

Under 28 U.S.C. § 2254, a district court may grant federal habeas relief to a state prisoner like Duffie if "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A habeas petitioner must exhaust all state remedies before a federal court can review the merits of his claim. 28 U.S.C. § 2254(b)(1)(A). "Exhaustion" means that a claim has been raised at each level of state court review. *Mata v. Baker*, 74 F.4th 480, 488 (7th Cir. 2023). "A habeas petition must be dismissed if state remedies have not been exhausted as to any one of a petitioner's federal claims." *Carter v. Foster*, 2019 U.S. Dist. LEXIS 50387, No. 17-cv1497, *2 (E.D. Wis. Jan. 2, 2019) (citing *Castille v. Peoples*, 489 U.S. 346, 349 (1989)). A mixed petition, containing both exhausted and unexhausted claims, can be dismissed or, in limited circumstances, held in abeyance while the petitioner pursues the unexhausted claims in state court. *Id.*; *Rhines v. Weber*, 544 U.S. 269, 278 (2005).

Applying this standard, I conclude that Duffie is not entitled to federal merits review because neither of his claims were exhausted in state court. In his response, Duffie concedes that ineffective assistance of appellate counsel was not presented to the Wisconsin courts. *See* ECF No. 14 at 6. Duffie's petition can be dismissed on this basis alone—generally, habeas petitions that contain both exhausted and unexhausted claims must be dismissed. But I will elaborate on why Duffie's insufficiency claim is also unexhausted.

Duffie raised the insufficiency of the evidence claim in his supplemental petition for review to the Supreme Court of Wisconsin. *See* ECF No. 13-2 at 2. This claim was not presented to the court of appeals—if it had been presented, Duffie wouldn't have needed to supplement the no-merit petition. *See id.* Duffie also says that he raised these issues in a collateral postconviction motion. ECF No. 1 at 4. He didn't appeal that decision, so again the court of appeals didn't review the sufficiency of the evidence claim. *See id.*

Duffie argues that the circuit court and the court of appeals discussed sufficiency of the evidence in rejecting the new trial based on hearsay claim. Duffie's direct appeal argued that the state's use of inadmissible hearsay prevented the real controversy from being fully tried. ECF No. 1 at 3. And the circuit court wrote that "even without the hearsay statement, the evidence that remains in the case was still overwhelming to support the jury's guilty verdict, even as to the use or threat of force element." ECF No. 1-1 at 6. The court of appeals said that "a reasonable jury could conclude, from the evidence as a whole, that [AAB] was compelled to submit prior to the actual sexual assault committed by Duffie." *Id.* ¶ 39.

This language does not show that Duffie exhausted the sufficiency claim in state court. Duffie's new-trial argument relied on a different constitutional standard. "[B]oth the operative facts and the controlling legal principles of a constitutional claim must be submitted to the state court." *Bocian v. Godinez*, 101 F.3d 465, 469 (7th Cir. 1996). As one court put it: "we cannot mold a claim that challenges a state court evidentiary ruling on admissibility into one that attacks the state's sufficiency of the evidence. These are distinct claims." *United States ex rel. Jackson v. Page*, 972 F. Supp. 1140, 1151–52 (N.D. Ill. 1997). Here, Duffie did not attack the sufficiency of the evidence in state court; the controlling legal principles are different from the claims that he did raise. Therefore, Duffie's sufficiency claim was not exhausted in state court.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Where a district court denies a habeas petition on procedural grounds without reaching the merits of the underlying constitutional claim, the petitioner must show both "that jurists of reason would find it debatable whether the petition

states a valid claim of the denial of a constitutional right, *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). Here, no reasonable jurist would find it debatable that Duffie's claims were not exhausted in state court. I will therefore deny a certificate of appealability.

**CONCLUSION**

In sum, federal merits review is foreclosed because Duffie did not exhaust these claims in state court. Accordingly, for all the foregoing reasons, the court **GRANTS** the respondent's motion to dismiss, ECF No. 12; **DENIES** the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 by a person in state custody, ECF 1; and **DISMISSES** this action. The court also **DENIES** the petitioner a certificate of appealability.

**SO ORDERED** this 16th day of October, 2025.

STEPHEN C. DRIES
United States Magistrate Judge